UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAKA DAVIS | CIVIL ACTION |
| VERSUS | NO. 07-3133 |
| THE CITY OF NEW ORLEANS, ET AL. | SECTION "N"  (3) |

## ORDER AND REASONS

Before the Court is the **City Motion for Dismissal Under Rule 12(b)(6) (Rec. Doc. 24)**. After reviewing the Complaint, the memoranda of the parties, and the applicable law, the Court finds that this motion to dismiss should be granted.

**I.     Background**

Plaintiff Chaka Davis was arrested on October 14, 2005 for aggravate assault and for carrying an illegal weapon. (Complaint, Rec. Doc. 1).  On October 15, 2005, Davis was brought before the magistrate judge, who set his bond at $3,000. (Complaint, Rec. Doc. 1).  On March 13, 2006, Davis filed a motion seeking his release from custody, arguing that time delays for the District Attorney to charge and try him had expired. (Complaint, Rec. Doc. 1).  Davis was finally released from custody on June 30, 2006, approximately nine months after first being detained. (Complaint, Rec. Doc. 1).  When he appeared before the Orleans Parish Criminal District Court on July 6, 2006, as ordered, he was told that there were no charges pending against him. (Complaint, Rec. Doc. 1). Davis was then released. (Complaint, Rec. Doc. 1).

Thereafter, Davis sued the City of New Orleans, the New Orleans Police Department, Edward Compass (both in his individual and official capacities), Eddie Jordan (both in his individual and official capacities), Marlin Guzman (both in his individual and official capacities), Officer John Doe No. 1 (both in his individual and official capacities), Officer John Doe No. 2 (both in his individual and official capacities), and XYZ Insurance Company. (Complaint, Rec. Doc. 1). The present motion to dismiss deals only with the claims made against Defendant City of New Orleans. Davis claims that the City of New Orleans is responsible for the acts and omissions of the employees of the New Orleans Police Department. (Complaint, Rec. Doc. 1). Davis contends that the City of New Orleans is liable to him pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**II.     Law and Analysis**

    A.     Legal Standard

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965. Rule 12(b)(6) motions are viewed with disfavored and are rarely granted. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir.1988).

B.  Analysis

The City of New Orleans argues that the claims raised against it by Davis in his Complaint have prescribed as the Complaint was filed more than one year after the occurrence of the incident which gave rise to his claims (his October 15, 2005 appearance before the Magistrate).  Davis, on the other hand, asserts that the matter has not prescribed as his Complaint was filed within one year from July 6, 2006, the date the prosecution against him was terminated.

Davis does not address the recent Supreme Court decision of *Wallace v. Kato*, 127 S. Ct. 1091 (2007), which this Court previously cited in support of his dismissal of Defendant Eddie Jordan on prescription grounds.  For the same reasons this Court dismissed Davis' claims against Eddie Jordan, this Court finds that Davis' claims against the City of New Orleans should be dismissed as well.

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." 127 S. Ct. at 1094 (*citing Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).  In Louisiana, the one-year prescriptive period for tort actions applies to sections 1983 claims.  *Burge v. Parish of St. Tammany*, 996 F.2d 786.

The accrual of the prescriptive period, however, is a matter of federal law.  The Supreme Court recently explained:

> While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law. The parties agree, the Seventh Circuit in this case so held ... and we are aware of no federal court of appeals holding to the contrary. Aspects of §

> 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. Under those principles, it is "the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action' " that is, when "the plaintiff can file suit and obtain relief." There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date.

127 S.Ct. at 1095. In *Wallace*, the Petitioner asserted that the date of his release from custody was the date the prescriptive period began to accrue. The Supreme Court disagreed:

> We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial. Since more than two years [the prescriptive period under the applicable Illinois law] elapsed between that date and the filing of this suit-even leaving out of the count the period before he reached his majority-the action was time barred.

*Id.* at 1097. The Supreme Court further explained its conclusion:

> "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

*Id.*

Thus, according to the recent Supreme Court decision of *Wallace*, Davis' prescriptive period for his federal section 1983 claims began to accrue while he was incarcerated on October 15, 2005, when he appeared before the examining magistrate. Thus, his federal section 1983 claims prescribed one year thereafter on October 15, 2006. Because Davis did not file this action until June 15, 2007, his federal section 1983 claims are prescribed.

Here, because the Court finds that Davis' federal section 1983 claims have are prescribed

4

and should be dismissed, the Court concludes that Davis asserted any state law claims against the City of New Orleans, those claims should be dismissed without prejudice to his ability to assert them in the appropriate state forum.

### III.     Conclusion

Accordingly, **IT IS ORDERED** that the **City Motion for Dismissal Under Rule 12(b)(6) (Rec. Doc. 24)** is **GRANTED** to the extent that Davis' federal section 1983 claims against the City of New Orleans are dismissed with prejudice.  To the extent that Davis asserted any state law claims against the City of New Orleans, those claims are dismissed without prejudice to his ability to assert them in the appropriate state forum**.**

New Orleans, Louisiana, this 25th day of March, 2008.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**