UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHAKA DAVIS                                          CIVIL ACTION

VERSUS                                               NO. 07-3133

THE CITY OF NEW ORLEANS, ET AL.                      SECTION "N"  (3)

## ORDER AND REASONS

Before the Court is the **Motion for Judgment on the Pleadings (Rec. Doc. 36)**, filed by

Defendant Marlin N. Gusman. After reviewing the Complaint, the memoranda of the parties, and

the applicable law, the Court rules as set forth herein.

## I. BACKGROUND

The facts of this case have been previously described by this Court in its earlier Orders,

and need not be recounted again here. *See* Rec. Docs. 20, 26, 29, and 34. All other Defendants in

this case have been dismissed for the same reason: Plaintiff's claims under 42 U.S.C. § 1983 are

prescribed by Louisiana's one-year statute of limitations for tort actions, which applies to

Section 1983 claims for false arrest, excessive force, and other violations of the Fourth and

Fourteenth Amendments. *Id.*

## II. ANALYSIS

**A.** *Legal Standard Under Rule 12(c)*

In a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c), the Court requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) ("the standard for dismissal under Rule 12(c) is the same as that for dismissal ... under Rule 12(b)(6)"). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (internal citations and quotation marks omitted).

**B. *Davis' Claim Under Section 1983***

Davis stated claims under 42 U.S.C. § 1983 against Defendant, the criminal sheriff of Orleans Parish, for unlawful arrest, excessive force, extortion, and other civil rights violations. Compl. at ¶¶40-42. In the recent case of *Wallace v. Kato*, --- U.S. ---, 127 S. Ct. 1091 (2007), the Supreme Court noted that "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." 127 S. Ct. at 1094 (citing *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573 (1989); *Wilson v.Garcia*, 471 U.S. 261, 279-280 (1985)). In Louisiana, the one-year prescriptive period for tort actions applies to sections 1983 claims. *Burge v. Parish of St. Tammany*, 996 F.2d 786 (5th Cir. 1993). The accrual of the prescriptive period, however, is a matter of federal law. The Supreme Court recently explained:

> While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law. The parties agree, the Seventh Circuit in this case so held ... and we are aware of no federal court of appeals holding to the contrary. Aspects of § 42 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. Under those principles, it is

"the standard rule that [accrual occurs] when the plaintiff has 'a complete and present cause of action' " that is, when "the plaintiff can file suit and obtain relief." There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date.

127 S.Ct. at 1095. In *Wallace*, the Petitioner asserted that the date of his release from custody was the date the prescriptive period began to accrue. The Supreme Court disagreed:

We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial. Since more than two years [the prescriptive period under the applicable Illinois law] elapsed between that date and the filing of this  . . . the action was time barred.

*Id.* at 1097. The Supreme Court further explained its conclusion:

"Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

*Id.*

Davis' prescriptive period for his federal § 1983 claims began to accrue while he was incarcerated on October 15, 2005, when he appeared before the examining magistrate. Thus, those claims prescribed one year thereafter on October 15, 2006. Because Davis did not file this action until June 15, 2007, his federal § 1983 claims are prescribed.

In opposition, Davis argues that he "has not claimed that the Sheriff violated his Fourth Amendment rights," Opp. at 1, but rather claims that the Sheriff showed deliberate indifference to his Eighth Amendment right against cruel and unusual punishment by failing to put in place a policy for processing persons in detention against whom charges have been refused by the

district attorney. As such, Davis claims, *Wallace* does not apply, and the statute in this case

begins to run from the last date that Davis suffered the unconstitutional incarceration–July 6,

2006, the date of his release. However, the Fifth Circuit has held that there is no Eighth

Amendment cause of action for unlawful incarceration, where as here the complaint merely

alleges that the *fact* of incarceration was unlawful. *Jones v. City of Jackson*, 203 F.3d 875, 880

(5th Cir. 875).[1]

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Rec.**

**Doc. 36)** is **GRANTED** and the Plaintiff's claim against Defendant Gusman is **DISMISSED**

**WITH PREJUDICE**. To the extent that Davis asserted any state law claims against Defendant,

those claims are dismissed without prejudice to his ability to assert them in the appropriate state

forum**.**

New Orleans, Louisiana, this 27th day of October, 2008.

_____

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] Additionally, it is quite clear that Plaintiff's complaint alleges Fourth Amendment violations by Gusman, not Eighth Amendment violations, and thus this argument amounts to an untimely attempt to amend his complaint.